**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 01-10065
_____


JEFFREY D. WATKINS,

                    Plaintiff-Appellant Cross-Appellee,

v.

ROADWAY EXPRESS, INC.,

                    Defendant-Appellee Cross-Appellant.


**Appeal from the United States District Court**
**for the Northern District of Texas**
**(3:99-CV-1893-M)**


August 30, 2001

Before JONES, DeMoss, and BENAVIDES, Circuit Judges.

EDITH H. JONES, Circuit Judge:*

        Defendant-Appellee Roadway Express, Inc. ("Roadway")
appeals from the district court's denial of its motion for judgment
as a matter of law following a jury verdict finding that Roadway
had discriminated against Plaintiff-Appellant Jeffrey D. Watkins
("Watkins") on the basis of his disability.  Because we find that
Watkins is not disabled, he has not made out an actionable claim of
discrimination under the Americans with Disabilities Act ("ADA").
The other issues raised by the parties are moot.  We therefore
reverse and render judgment in favor of Roadway.

---
        *        Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

## BACKGROUND

Watkins was employed as a dockworker by Roadway, a trucking company, at its Garland, Texas, facility commencing in 1987. His job consisted primarily of the loading and unloading of freight of varying weights from trucks onto a loading dock. In June 1995, Watkins injured his back while loading freight at work. Following surgery, physical therapy, and various medical procedures, Watkins was given a medical release by his physician authorizing him to return to work with a 20-pound lifting/carrying restriction. Because of this restriction, Roadway did not return Watkins to duty. Roadway informed Watkins that all of the jobs on the docks required the ability to lift in excess of 20 pounds. This lawsuit ensued.

Following a trial, a jury found that Roadway had discriminated against Watkins because of his disability. The jury awarded Watkins $45,500 in compensatory damages and $450,000 in punitive damages. After an evidentiary hearing, the district court determined that Watkins was also entitled to an award of back pay in the amount of $58,024. Roadway moved for judgment as a matter of law. This motion was granted in part and denied in part: finding no evidence that Roadway acted with malice, the district court set aside the jury's award of punitive damages but left the underlying finding of disability discrimination intact. Both parties appealed, raising several issues. One is dispositive.

2

Because the decision to deny a motion for judgment as a matter of law is a legal question, we review the district court's decision not to grant Roadway's motion de novo. However, we do so viewing the entire trial record in the light most favorable to the non-movant, Watkins, and drawing all reasonable factual inferences in Watkins's favor. See Burch v. Coca-Cola, 119 F.3d 305, 313 (5th Cir. 1997). We reverse a district court's decision not to grant a motion for a judgment as a matter of law only where "there is no legally sufficient evidentiary basis for a reasonable jury to find for that [non-moving] party on that issue." See id.; Fed. R. Civ. P. 50(a)(1).

Governed by this standard, we hold that no reasonable jury could have concluded that Watkins was disabled within the meaning of the ADA. There is no dispute that Watkins's back condition constitutes an impairment. But not all impairments are serious enough to be considered disabilities under the ADA. To constitute a "disability," an impairment must "substantially limit" a "major life activity." See Dupre v. Charter Behavioral Systems, 242 F.3d 610,614 (5th Cir. 2001); Dutcher v. Ingalls Shipbuilding, 53 F.3d 723, 726 (5th Cir. 1995). Major life activities include "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and

3

working." 29 C.F.R. 1630.2(h) (2001).[1] A person is "substantially limited" if he is

> 1) Unable to perform a major life activity that the average person in the general population can perform; or
>
> 2) Significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform the same major life activity.

29 C.F.R. § 1630.2(i).

As a matter of law, Watkins is not substantially limited in the performance of any major life activity. First, Watkins is not substantially limited in the major life activity of working because he is not significantly restricted in his ability to perform "either a class of jobs or a broad range of jobs in various classes . . ." 29 C.F.R. § 1630.2(h)(3)(I); see also Sutton v. United Airlines, 527 U.S. 471, 491 (1999). Further, "[t]he inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." 29 C.F.R. § 1630.3(j)(3)(I).

Here, the only work-related impact of Watkins's back injury was his inability to lift, in his own words, "real, real heavy" boxes. Despite the 20-pound lifting restriction imposed by his doctors, at the time of the trial Watkins was working full-time in a position with the Allen Independent School District that

---

[1] The ADA itself does not define either "substantially limits" or "major life activity," but the Equal Employment Opportunity Commission (EEOC) has promulgated regulations under the ADA defining these terms.

4

routinely required him to carry computer monitors and other equipment weighing up to 40 pounds. At trial, in response to the question "What can't you do?" Watkins answered that he could not "lift, you know, 200 or 300 pounds or -- you know, I have weight restrictions." Watkins also testified that he could lift the "majority" of boxes handled by Roadway without difficulty, excluding only "extremely heavy ones" such as a "200 pound box [that is] eight foot tall." Watkins even demonstrated his still-potent post-injury lifting prowess before the trial court, hoisting without difficulty a pair of barbells weighing a combined 80 pounds over his head.

Watkins's employment as a manual laborer, his testimony as to his abilities, and his demonstrated lifting power combine to show that he is not precluded from all -- or even most -- jobs involving physical labor or activity. Watkins's impairment does not exclude him from any class of jobs or from a broad range of jobs in various classes. Watkins was not so impaired that he could not continue to earn a living as a manual laborer -- indeed, he was earning his living in this manner at the time of the trial. On this basis, no reasonable jury could conclude that Watkins was significantly limited in the major life activity of working.

This conclusion is consistent with this court's decisions in previous ADA cases. We have held that a preclusion from jobs involving "very strenuous physical activity, prolonged standing or sitting, heavy lifting, or prolonged walking" does not constitute

5

a substantial limitation on working. Dupre, 242 F.3d at 615. This is because "[a]n inability to engage in the kind of intense physical exertion required of some jobs hardly disqualifies [the plaintiff] from all jobs involving manual labor." Id. Similarly, in Sherrod v. American Airlines, 132 F.3d 1112, 1120 (5th Cir. 1998), this court explicitly held that a restriction on heavy lifting was not alone sufficient to "demonstrate a significant restriction in the ability to perform either a class of jobs or a broad range of jobs in various classes." Indeed, we indicated that a heavy lifting restriction disqualified the plaintiff from at most a "narrow range of jobs." Id.

Nor has Watkins demonstrated a substantial limitation in any other major life activity. A restriction on heavy lifting is not a disability in and of itself so long as the impaired person "can perform the normal activities of daily living." Sherrod, 132 F.3d at 1120. Watkins is not limited in performing any of the routine duties of daily living: he drives without assistance, walks without assistance, can groom and dress himself, can tie his shoes, works full time, engages in recreation and even plays 18 holes of golf on a regular basis.

Watkins does vaguely complain of a reduced ability (but not an inability) to enjoy sexual relations with his wife, but no medical testimony or other evidence substantiates his claim. This unsupported assertion is insufficient to permit a reasonable jury to find that Watkins suffers from a disability. See Conteras v.

6

<u>Suncast Corp.</u>, 237 F.3d 756, 763 (7th Cir. 2001) (holding that a plaintiff's bare assertion that an accident prevented him from having sex as often as he had previously did not create an issue of fact as to the existence of a disability).

In short, because of the seemingly full and active life enjoyed by Watkins, no reasonable jury could conclude that he was substantially limited in any major life activity. Watkins was thus not disabled within the meaning of the ADA, and he has no action under that statute. We must REVERSE and RENDER a judgment in favor of Roadway.

**REVERSED** and **RENDERED**